951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith Dwayne GILBERT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-35345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 13, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Dwayne Gilbert, a federal prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. Gilbert, who was convicted of interference with housing rights through force or threat of force in violation of 42 U.S.C. § 3631, asserts on appeal that (1) his jury was selected unconstitutionally and (2) he was denied the effective assistance of counsel. We review de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm.
 
 
 3
 A district court may dismiss summarily a section 2255 motion "[i]f it plainly appears from the face of the motion and annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Dismissal is proper if the "allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985). " 'Notice' pleading is not sufficient [to avoid summary dismissal], for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990) (discussing summary dismissals under Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)) (other quotations omitted), cert. denied, 111 S.Ct. 906 (1991); accord Poopola, 881 F.2d at 812 (section 2255 movant must make "specific factual allegations which, if true, would entitle him to relief").
 
 
 4
 * Jury Selection
 
 
 5
 In his section 2255 motion, Gilbert first alleged that his jury venire was not selected from a fair cross section of the community. Gilbert did not make "specific factual allegations" as to how the venire was not representative, and thus the district court's summary dismissal was proper. See Poopola, 881 F.2d at 812.[1]
 
 
 6
 Gilbert next alleged that the government violated his equal protection rights by improperly exercising its peremptory challenges to exclude males from his jury. A panel of this court recently held that equal protection principles prohibit the prosecution's exercise of peremptory challenges based on a venireperson's gender. See United States v. DeGross, 913 F.2d 1417, 1421-23 (9th Cir.1990) (extending Batson v. Kentucky, 476 U.S. 79 (1986) to gender-based challenges), reh'g en banc granted, 930 F.2d 695 (1991). Gilbert, however, did not timely object to the prosecution's use of peremptory challenges.
 
 
 7
 "Batson objections must occur as soon as possible, preferably before the jury is sworn." Dias v. Sky Chefs, Inc., No. 89-35778, slip op. 14787, 14791 (9th Cir. Oct. 29, 1991) (defendant's objection to plaintiff's gender-based peremptory challenges was untimely when objection was made after the excluded jurors had been dismissed, the jury had been sworn, court had recessed and reconvened, in limine motions had been argued, and defense had noted other objections) (citing United States v. Thompson, 827 F.2d 1254, 1257 (9th Cir.1987)).
 
 
 8
 Here, Gilbert did not object to the prosecution's use of peremptory challenges at trial. See Dias, No. 89-35778, slip op. at 14791; Thompson, 827 F.2d at 1257. Moreover, Gilbert did not raise the issue on direct appeal and has not shown cause for the procedural default or alleged any prejudice. See United States v. Frady, 456 U.S. 152, 165, 168 (1982). Because Gilbert raised his challenge for the first time in his section 2255 motion, the district court properly dismissed the motion as to this claim.
 
 II
 Ineffective Assistance of Counsel
 
 9
 To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 689. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694. A tactical decision by counsel with which the defendant disagrees cannot form the basis for a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 10
 Gilbert first contends that he was denied the effective assistance of counsel because his original court-appointed attorney withdrew from representing him after accepting a job as an Assistant United States Attorney for the District of Idaho. A new attorney was appointed to represent Gilbert, however, and had ten months to prepare for trial. Gilbert has shown no prejudice from the substitution of counsel. See Strickland, 466 U.S. at 694.
 
 
 11
 Gilbert next contends that his attorney rendered him ineffective assistance by failing to object to the composition of the jury venire. Gilbert has not specified how the venire was unconstitutionally selected, and thus has not shown that his attorney had any basis for objecting to the composition of the venire. Moreover, he has not alleged any prejudice from his counsel's failure to object. Accordingly, the district court properly dismissed the motion as to this claim. See id. at 687.
 
 
 12
 Gilbert also contends that his attorney erred by failing to object to the prosecution's use of peremptory challenges. Nevertheless, because the law concerning the impropriety of using gender-based peremptory challenges was not established at the time of Gilbert's trial in 1988, we cannot say that his attorney's conduct was deficient. See id. Moreover, Gilbert has not shown prejudice from his attorney's alleged omission. See id.
 
 
 13
 Finally, Gilbert contends that his attorney erred by "failing to subpoena all of the prosecution witnesses as named by Petitioner as witnesses who could testify on his behalf ... as well as defense witnesses ... who would have discredited the government's case and allowed Petitioner to take the stand in his own defense." Gilbert does not identify the additional witnesses he would have subpoenaed or the nature of the alleged exculpatory testimony. Accordingly, he has not demonstrated any prejudice from his counsel's alleged error. See id. at 694.[2]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Gilbert's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Although Gilbert characterizes his challenge as one to the composition of the grand jury, he apparently challenges the composition of the jury venire. Regardless of whether his challenge is to the composition of the venire or the grand jury, the result is the same: he makes no factual allegations in support of his claim, and summary dismissal was proper. See Poopola, 881 F.2d at 812
 
 
 [2]
 In his section 2255 motion, Gilbert also asserted that the government (1) failed to disclose evidence favorable to the defense and (2) obtained confidential information when his first attorney accepted a job as an Assistant United States Attorney. Gilbert has not raised these issues on appeal, and therefore they are deemed waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)