UNITED STATES of America,
Plaintiff–Appellee,

v.

Ayodele Oluwole POPOOLA,
Defendant–Appellant.

No. 88-15311.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 1989 *.

Decided Aug. 7, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Ciruit Rule 34–4 and Fed.R.App.P. 34(a).

Ayodele Oluwole Popoola, Sandstone, Minn., for defendant-appellant.

Marla J. Miller, Asst. U.S. Atty., Rory Little, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS, ALARCON and LEAVY, Circuit Judges.

PER CURIAM:

Defendant-appellant Ayodele Popoola appeals *pro se* the district court's order denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 for bank fraud, 18 U.S.C. § 1344, and unauthorized use of an automated teller machine card, 18 U.S.C. § 1029(a)(2).

Review of the district court's denial of a 28 U.S.C. § 2255 motion is *de novo*. *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir.1986). We may affirm the district court if Popoola's allegations, viewed against the record, either fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) (citation omitted). Petitioner must make "specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir.1982). An evidentiary hearing "is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims." *Id.*

Popoola contends, and the government concedes, the district court erred by failing to comply with Fed.R.Crim.P. 32(a)(1)(A) which requires the court to "determine that the defendant and his counsel have had the opportunity to read and dis-

cuss the presentence investigation report...."

The circuits vary in their interpretation of the duty Rule 32(a)(1)(A) imposes. The Seventh Circuit has construed the rule as imposing an affirmative duty upon the court to ask the defendant directly whether he "has had an opportunity to read the report, whether the defendant and defense counsel have discussed the report and whether the defendant wishes to challenge any facts in the report." *United States v. Rone*, 743 F.2d 1169, 1174 (1984). The Third Circuit holds the court "need only *somehow* determine" that the defendant has had the opportunity to read the report and discuss it with counsel. *United States v. Mays*, 798 F.2d 78, 80 (3d Cir.1986) (emphasis in original). The Second Circuit adopts the *Mays* view and concludes that the district court may comply with Rule 32(a)(1)(A) by "draw[ing] reasonable inferences about whether the defendant has had an opportunity to review the presentence investigation report and to discuss it with counsel." *United States v. Cortez*, 841 F.2d 456, 460–61 (2d Cir.1988). We do not today define the duty imposed in the Ninth Circuit by Fed.R.Crim.P. 32(a)(1)(A). Under either of the standards discussed above, the district court failed to comply with the requirements of the rule.

In its order denying the § 2255 motion the district court stated: "[t]here was no indication made at sentencing that defendant had not read the report." This is true, but there is also no indication from the record that Popoola had read the report. The court did not ask Popoola if he had seen or discussed the report with his lawyer, Bondoc. While it is clear from the record that Bondoc reviewed the report, there is no indication he showed it to Popoola. Bondoc's declaration in essence states he does not know if Popoola saw the report or not. We reverse and remand for an evidentiary hearing to determine whether Popoola read the presentence report.

■ Popoola's allegations of ineffective assistance of counsel are without merit. To obtain relief for a claim based on ineffective assistance of counsel on a habe-

as corpus review, the petitioner must demonstrate that (1) his counsel "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made," and, (2) prejudice. *Butcher v. Marquez*, 758 F.2d 373, 375–76 (9th Cir.1985) (citing *Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984)). To demonstrate prejudice petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

Assuming Bondoc failed to show Popoola the presentence report, Popoola does not demonstrate he was prejudiced thereby. Popoola's conclusory allegations of inaccuracies in the report are unsupported and do not suggest the report as a whole is misleading. *Cf. United States v. Donn*, 661 F.2d 820, 824 (9th Cir.1981). Moreover, it does not "affirmatively appear in the record that the court based its sentence on improper information." *See Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc).

■ Popoola also fails to demonstrate he was prejudiced because Bondoc did not file a notice of appeal. Popoola did not reserve in writing his right to appeal the denial of his motion to suppress evidence. He therefore would have been precluded from raising the issue on appeal. *See* Fed.R.Crim.P. 11(a)(2); *United States v. Echegoyen*, 799 F.2d 1271, 1275 (9th Cir.1986). Also, ordinarily, an ineffective assistance of counsel claim is not reviewed on direct appeal. *United States v. Pope*, 841 F.2d 954, 958 (9th Cir.1988).

Popoola's contention that Bondoc failed to investigate fingerprints, handwriting samples and physical evidence is an unsupported conclusory allegation. He presents no evidence suggesting he might have been acquitted. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985).

The district court's summary dismissal of Popoola's claim alleging ineffective assist-

ance of counsel is affirmed. We reverse and remand for an evidentiary hearing on the limited issue of whether Popoola saw the presentence report.