891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Mark MILLER, Petitioner-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., Respondent-Appellee.
 No. 89-55065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1989.*
Decided Dec. 8, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Mark Miller (Miller) appeals pro se from the district court's order dismissing his habeas corpus petition. Specifically, Miller contends that his placement on state parole upon release from custody violated his plea bargain and thus undermined the constitutionality of his plea of nolo contendere. We disagree and affirm.
 
 
 3
 The decision whether to grant or deny a petition for habeas is reviewed de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 4
 Miller relies on Carter v. McCarthy, 806 F.2d 1373 (9th Cir.1986), cert. denied, 108 S.Ct. 198 (1987), to support his claim that he was not fully aware of the direct consequences of his plea. In Carter, however, the district court specifically found that the defendant did not know of the requirement of a mandatory parole term. Id. at 1376. In the instant case, the following exchange took place during the plea proceedings:
 
 
 5
 THE COURT: Do you understand in this case you may be paroled up to four years after completion of your sentence?
 
 
 6
 THE DEFENDANT: Yes.
 
 
 7
 Miller contends that the court's use of the word "may" masked the mandatory nature of parole. The magistrate found that Miller was made aware of the parole consequences of his plea and the district court adopted the magistrate's findings. "[W]e cannot hold that the finding below is clearly erroneous." Id.
 
 
 8
 Miller also argues that parole violates the terms of his plea bargain, because he negotiated a "maximum punishment of 16 months" without any mention of parole. Because the district court properly held that Miller was apprised of the parole consequences of his plea when it was accepted, it was justified in denying this claim.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3