892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William R. COLE, Petitioner-Appellant,
v.
James ROWLAND, Director California Department of
Corrections, Respondent-Appellee.
 No. 88-15688.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 22, 1989.*
Decided Jan. 9, 1990.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cole appeals pro se the district court's dismissal of his habeas corpus petition. Cole, who received a sentence of nine years imprisonment following conviction on a charge of attempted murder, alleges that the imposition of identical sentences for the offenses of attempted first degree and attempted second degree murder, as authorized by California's Proposition 7, the Briggs Initiative, violates his right to due process, his right to equal protection, and the eighth amendment's prohibition of cruel and unusual punishment. We review the dismissal of a habeas corpus petition de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989).
 
 
 3
 Petitioner's procedural due process claim that the passage of Proposition 7 did not conform to the requirements of the California Elections Code is a question of state law and has been rejected by the California courts. People v. Flores, 178 Cal.App.3d 74 (Cal.Ct.App.1986). Petitioner's substantive due process and equal protection claims are also without merit. California Penal Code section 664, which provides for equal punishment for attempted first degree and attempted second degree murder, is rationally related to legitimate state objectives. Id. at 84-88. Petitioner fails to establish that this sentencing regime should be subjected to any stricter scrutiny. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439-41, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).
 
 
 4
 Nor does Cole's sentence constitute cruel and unusual punishment in violation of the eighth amendment. The harshness of the nine year sentence is not disproportionate to the gravity of the offense. See Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); United States v. Kinsey, 843 F.2d 383, 392 (9th Cir.1988).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3