905 F.2d 1541
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Gilbert SANCHEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-15626.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1990.*
Decided June 21, 1990.
 Before GOODWIN, Chief Judge, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Gilbert Sanchez asks us to review the district court's denial of his 28 U.S.C. Sec. 2255 (1982) petition for relief from his sentence. He contends that the district court improperly imposed the special parole term and that his counsel was ineffective by failing to show him the presentence report and by not advising him of the consequences of the special parole term. We affirm.
 
 I.
 SPECIAL PAROLE TERM
 
 3
 Sanchez argues that the district court improperly imposed a special parole term because he was sentenced after the 1984 amendments to the drug laws. He is wrong.
 
 
 4
 Sanchez committed the offense of distributing five kilograms of cocaine on September 26, 1984. On October 12, 1984, Congress repealed the authorization for the special parole term. Sanchez was sentenced on February 1, 1985. The repeal, however, only became effective on November 1, 1987. See Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473 Sec. 235(a)(1), 98 Stat. 1976, 2031, amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217 Sec. 4, 99 Stat. 1728, 1728. Prior to this repeal, 21 U.S.C. Sec. 841(b)(1)(B) required first-time narcotics offenders to receive a minimum special parole term of at least three years. The district court properly sentenced Sanchez under the pre-amended statute.
 
 
 5
 We have held that the amended sentencing rules only apply to offenses committed after October 31, 1987. United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987). Support for this position exists in the legislative history of the Sentencing Reform Act of 1984, which indicates that the changes in sentencing apply only to offenses that occurred on or after the effective date. See S.Rep. No. 225, 98th Cong., 2d Sess. 189, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3372 ("As to an offense committed prior to the effective date, the preexisting law will apply as to all substantive matters including the imposable sentence."). There is no reason to depart from this principle in this case.
 
 II.
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 6
 To obtain relief under section 2255 because of ineffective assistance of counsel, the petitioner must show (1) that his counsel committed an error that a " 'reasonably competent attorney acting as a diligent and conscientious advocate would not have made,' " and (2) that he was prejudiced by this error. United States v. Popoola, 881 F.2d 811, 813 (9th Cir.1989) (per curiam) (citations omitted). To make out "prejudice," petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). We assume without deciding that Sanchez would have been denied effective assistance of counsel by counsel's failure to show petitioner the presentence report and to advise him of the consequences of the special parole term. Petitioner, however, fails to establish the requisite prejudice to justify relief under section 2255.
 
 
 7
 A. Presentence Report.
 
 
 8
 To establish prejudice as a result of not being advised of the presentence report, petitioner must prove that the report as a whole was misleading and that the court based its sentence on the improper information. Popoola, 881 F.2d at 813. Sanchez cannot establish that the court so relied on the presentence report.
 
 
 9
 This issue was raised in the appeal by Sanchez of the sentence. He complained in his Rule 32 motion that the district court failed to resolve material factual disputes in the presentence report. This court, in an unpublished decision, affirmed the denial of the motion, finding that the disputed information was not included in the presentence report. See United States v. Sanchez, No. 87-1054, at 3 (9th Cir. Nov. 27, 1987) ("The fatal flaw in Sanchez's argument is that these statements were contained only in the government's sentencing memorandum."). Counsel's alleged failure to inform Sanchez of the contents of the report, therefore, could result in no prejudice. We are bound by our findings on appeal. See Cavanaugh v. Kincheloe, 877 F.2d 1443, 1446-47 (9th Cir.1989). The district court thus did not err in denying relief on this ground.
 
 
 10
 B. Special Parole Term.
 
 
 11
 To show prejudice on this claim, petitioner must demonstrate that "absent the erroneous advice he would have insisted on going to trial." United States v. Sanclemente-Bejarano, 861 F.2d 206, 211 (9th Cir.1988).
 
 
 12
 Any prejudice Sanchez may have suffered was ameliorated in this case by the operation of Fed.R.Crim.P. 11(c)(1), which requires the judge to advise the defendant of the effect of any special parole term. While failure of the court to inform the defendant about a mandatory parole term prior to a guilty plea may provide a ground for habeas relief, the transcript makes clear that the judge did advise Sanchez about the effect of the guilty plea on the sentence and special parole term. The following exchange occurred:
 
 
 13
 Q. Do you know what the maximum penalty is for this offense:
 
 
 14
 A. 15 years and $25,000 penalty or both.
 
 
 15
 Q. Any sentence of imprisonment may be followed by a special parole term of up to life which would mean if you are caught again in a drug transaction you, [sic ] are committed again to prison after your release from the first sentence.
 
 
 16
 You understand that?
 
 
 17
 A. Yes.
 
 
 18
 Transcript, at 4-5 (emphasis added). In another exchange, Sanchez stated that although he was "a little nervous," he understood the judge's questions and the serious consequences of pleading guilty. Transcript, at 13.
 
 
 19
 Sanchez did not manifest any confusion. Under the circumstances of this case, we cannot say that petitioner was prejudiced even if his attorney failed to advise him of the consequences of the special parole term. Absent any showing of prejudice, therefore, we need not remand and require the government to issue a response. See Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982).
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3