947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Howard WILDER, Petitioner-Appellant,
v.
James BLODGETT, Superintendent, Washington State
Penitentiary, Walla Walla, Washington; Kenneth O.
Eikenberry, Attorney General, State of
Washington, Respondents-Appellees.
 No. 90-35537.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Nov. 1, 1991.
 
 Before WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Wilder appeals from the district court's denial of his petition for habeas corpus without an evidentiary hearing. The district court had jurisdiction pursuant to 28 U.S.C. § 2241. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 2
 We review district court decisions concerning petitions for habeas corpus de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). Evidentiary hearings are mandatory when (1) the petitioner alleges facts which, if proven, would entitle him to relief; and (2) no state trier of fact has, after a full and fair hearing, reliably found the relevant facts. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990). Even when these requirements are not satisfied, the court may in its discretion grant an evidentiary hearing when the facts are in dispute. Townsend v. Sain, 372 U.S. 293, 318 (1963). However, the court should generally accept the facts as found in the state hearing if the petitioner fails to satisfy the requirements set out above. Id.; 28 U.S.C. § 2254(d).
 
 
 3
 The district court determined that the State's reading of Ramirez's testimony from the first trial into evidence did not violate the confrontation clause. Wilder does not appeal this decision. See Meehan v. County of Los Angeles, 856 F.2d 102, 105 n. 1 (9th Cir.1988) (issue not briefed by appellant is deemed abandoned); Fed.R.App.P. 28(a)(2). Instead, he alleges that Ramirez lied at the behest of the government and was intoxicated with heroin when he testified at the first trial. Wilder also claims that the state fact-finding was inadequate. These arguments, Wilder suggests, warrant an evidentiary hearing in federal court.
 
 
 4
 The facts Wilder alleges do not support a confrontation clause violation. The " 'main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.' " Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986), quoting Davis v. Alaska, 415 U.S. 308, 315-16 (1974) (emphasis in original). The clause also ensures that the witness will give his statements under oath and enables the jury to observe his demeanor. California v. Green, 399 U.S. 149, 158 (1970). However, it does not guarantee successful cross-examination. United States v. Owens, 484 U.S. 554, 559 (1988). The court will inquire into the effectiveness of cross-examination only in "extraordinary cases." Ohio v. Roberts, 448 U.S. 56, 73 n. 12 (1980); see Mancusi v. Stubbs, 408 U.S. 204, 209, 214-15 (1972) (court inquires into the effectiveness of cross-examination by attorney appointed four days before). Wilder has not shown the necessity for such an inquiry here. He does not allege that his attorney lacked sufficient time to prepare. He had an opportunity to cross-examine Ramirez at the first trial and did so. Ramirez testified under oath and before a jury. Wilder claims only that cross-examination would have been more effective had he known the facts he alleges. This does not rise to a confrontation clause violation.
 
 
 5
 Because Wilder has failed to allege facts, which if proven, would entitle him to a right of relief, no hearing is required. In addition, the district court did not abuse its discretion in denying a hearing.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4