952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald YOUNG, Petitioner/Appellant,
v.
Robert B. GOLDSMITH, et al., Respondents/Appellees.
 No. 91-15636.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Jan. 3, 1992.
 
 Before ALDISERT,** GOODWIN and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The issue raised in this pro se appeal by Ronald Young, a state prisoner, is whether the district court erred in denying his petition for a writ of habeas corpus. The district court denied his petition on the basis that his federal constitutional claims were barred because he had procedurally defaulted these claims in state court and had failed to demonstrate "cause" for the defaults. We conclude, however, that Young's petition constituted an abuse of the writ and affirm the district court's judgment solely on that basis.
 
 
 3
 The district court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, following the district court's grant of a certificate of probable cause. The appeal was timely filed under Rule 4(a), F.R.A.P.
 
 
 4
 We review de novo a district court's decision to deny a petition for habeas corpus. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989) (per curiam).
 
 I.
 
 5
 The State of Arizona charged Young with three counts of sexual assault and two counts of second-degree burglary. On July 13, 1979, pursuant to a plea agreement, Young pled guilty to two counts of sexual assault and one count of burglary. The trial court subsequently denied his motion to withdraw his plea based on incompetency to plead. On September 26, 1979, the court sentenced him to two terms of 14 years imprisonment on the sexual assault convictions and to one term of 10 years on the burglary conviction, all sentences to run consecutively.
 
 
 6
 Young filed a direct appeal to the state court of appeals. While this appeal was pending, Young filed his first state petition for post-conviction relief. After the trial court had denied this petition, Young appealed the denial to the court of appeals, which consolidated the appeal with the pending direct appeal. On October 21, 1980, the court of appeals affirmed the convictions, and the state supreme court denied Young's subsequent petition for review.
 
 
 7
 Over the next eight years, Young unsuccessfully raised a number of different claims in four additional state petitions for post-conviction relief, two state habeas actions and two federal habeas petitions. For a detailed description of these actions, see the Magistrate Judge's Report and Recommendation filed in the instant action on January 24, 1991.
 
 
 8
 On January 24, 1990, Young raised six new claims in a petition for special action in the Arizona Supreme Court. On February 8, 1990, the supreme court rejected this petition, holding that it presented "nothing upon which relief can be obtained." Mag.Rpt. at 6.
 
 
 9
 Young subsequently filed a third federal habeas action, which is the subject of this appeal. In this petition he raised the same arguments presented to the Arizona Supreme Court in his petition for special action:
 
 
 10
 1. Did the trial court abuse its discretion by ordering the defendant to trial without asking him if there was a request to withdraw the rejected guilty plea?
 
 
 11
 2. Was it prosecutorial misconduct to ask the defendant to express the factual basis of the charges before the court accepted the plea?
 
 
 12
 3. Did the combination of prosecutorial misconduct and abuse of discretion cause jeopardy to attach in the first plea proceeding?
 
 
 13
 4. Does the term "factual basis" as it appears in Rule 17.3 of the Arizona Rules of Criminal Procedure refer only to a factual basis for the voluntary waiver of constitutional rights, and not to a factual basis for the charged offenses?
 
 
 14
 5. Did the trial court inform the defendant that it assumed him to be guilty and that all that remained was for the court to consider the presentence report?
 
 
 15
 6. Did the trial court fail to find that there was a factual basis sufficient for determining that the plea was voluntary and intelligent?
 
 
 16
 The state defendants asked the district court to dismiss the petition as an abuse of the writ. They argued that Young had not demonstrated a good reason for failing to raise these claims in his two earlier federal habeas actions. The district court issued an order informing Young that his habeas petition was subject to dismissal as an abuse of the writ because it raised grounds that could have been brought in the earlier petitions. The court gave Young an opportunity to show sufficient cause for not raising the claims. He responded that he was not aware of these grounds during his previous petitions because he did not have the benefit of the inmate legal assistance he received with this petition.
 
 
 17
 The district court subsequently accepted the magistrate judge's recommendations and dismissed Young's fourth claim on the basis that it did not raise a federal constitutional question. Id. at 14. As to the other claims, the court ruled that Young's attempt to present them to the state supreme court in the special petition was inappropriate, and that he had thus "procedurally defaulted" his federal claims in the state court. Id. at 14-17. Finding that Young had failed to establish "cause" for his procedural defaults, the court determined that it was precluded from reviewing the merits of his constitutional claims and denied the petition. Id. at 18. The court chose not to address whether the petition constituted an abuse of the writ because, at most, it would "only support an alternate basis to support [the state defendants'] move to dismiss the petition." Id. This appeal followed.
 
 II.
 
 18
 The doctrine of abuse of the writ dictates when federal courts should decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus. McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 1457 (1991). The government bears the burden of pleading abuse of the writ. This burden is satisfied if the government notes, with clarity and particularity, the "petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." Id. at ----, 111 S.Ct. at 1470. We are satisfied in this case that the state defendants have met their burden of pleading abuse of the writ.
 
 
 19
 Once the government has met its burden, the burden shifts to the petitioner to disprove abuse of the writ. Id. The U.S. Supreme Court has held that "[t]o excuse [a petitioner's] failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions." Id.; see Deutscher v. Whitley, --- F.2d ----, 1991 WL 2044564 (9th Cir.1991). If the petitioner cannot establish cause, the court may excuse the failure to raise the claim in an earlier petition if the petitioner can show that dismissal of the claim will result in a fundamental miscarriage of justice. McCleskey, --- U.S. at ----, 111 S.Ct. at 1470.
 
 
 20
 Young has not met this burden here. His only explanation for the failure to raise the claims in his previous federal habeas petitions was the lack of legal assistance. This explanation is insufficient, however, because lack of knowledge of the legal process does not excuse a petitioner's procedural defaults. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). Young also has not demonstrated how dismissal of his claims would result in a fundamental miscarriage of justice.
 
 
 21
 We hold, therefore, that Young has abused the writ and affirm the district court's denial of his petition for a writ of habeas corpus on that basis alone. We find it unnecessary to consider whether Young has procedurally defaulted his federal claims in state court.
 
 III.
 
 22
 We have considered all of the parties' contentions. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3