953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Basil BUSTAMANTE, Defendant-Appellant.
 No. 90-56274.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 27, 1991.*
Decided Jan. 17, 1992.
 
 Before SCHROEDER, FLETCHER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Basil Bustamante, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Bustamante pleaded guilty in 1986 to aiding and abetting bank robbery on the condition that he could appeal the district court's denial of his motion to suppress. We review the district court's denial of a section 2255 motion de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm.
 
 
 3
 In his section 2255 motion, Bustamante contended that the police had no reasonable suspicion to justify their investigatory stop of his vehicle and that therefore there was no probable cause for his subsequent arrest. He alleged that the stop was invalid because a police dispatch described the getaway vehicle as a "80's [model] lt. yellow mini pick-up, with rust color cab" while the police who stopped his vehicle, which he alleged is a 1971 model, described it as a "creme colored mini pickup with a gold colored shell." He also alleged that at the suppression hearing, the prosecutor submitted affidavits and mischaracterized the evidence to confuse the court as to the color of the truck. This confusion allegedly caused the court to think that the police dispatch described the vehicle as "creme colored" and that the arresting officers described his truck as "yellow," which resulted in the allegedly erroneous denial of his motion to suppress.
 
 
 4
 Before Bustamante entered his plea, his attorney challenged the stop of the truck and Bustamante's subsequent arrest, arguing that the radio dispatch did not establish reasonable suspicion for the stop of the vehicle. The district court held an evidentiary hearing on the motion to suppress, but denied it. On direct appeal, this court affirmed the district court's denial of the motion to suppress. United States v. Bustamante, No. 86-5342, unpublished memorandum disposition (9th Cir. Oct. 9, 1987).
 
 
 5
 Bustamante had a full and fair opportunity to present his fourth amendment claims at his pre-plea suppression hearing and on direct appeal. Consequently, he may not raise his fourth amendment claim on collateral review. Stone v. Powell, 428 U.S. 465, 481 & n. 16, 494 (1976); United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981); Tisnado v. United States, 547 F.2d 452, 455-56 (9th Cir.1976). Bustamante argues, however, that his attorney did not attack the investigatory stop based on the allegedly different descriptions of the vehicle. Nevertheless, whether he actually litigated the fourth amendment claim is irrelevant: the pertinent inquiry is whether he had the opportunity to do so. Hearst, 638 F.2d at 1196; see Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1989).
 
 
 6
 Moreover, the district court properly found that the prosecution did not mislead the court as to the color of the truck. In response to Bustamante's motion to suppress, the prosecution submitted (1) the police dispatch, which described the suspected getaway vehicle as "light yellow" and (2) three police affidavits, which described the truck itself as "creme colored." During the suppression hearing, the prosecution referred to the vehicle description at only one point, stating that "both deputies Javis and Koch had in mind the fact that a cream colored or yellow pickup had been seen as a getaway vehicle in a robbery...." Any inconsistencies in these accounts do not constitute prosecutorial misconduct. See United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3