956 F.2d 276
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Darryl WITT, Petitioner-Appellant,
v.
A. GOMEZ, Superintendent, Attorney General of the State of
California, Respondents-Appellees.
 No. 90-56195.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided Feb. 14, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Darryl Witt ("Witt"), a California state prisoner, appeals pro se the denial of his habeas corpus petition challenging his state perjury conviction. He argues that he was denied effective assistance of counsel by his attorney's failure to appeal his state perjury conviction.
 
 Statement of Facts and Procedural History
 
 3
 On April 30, 1986, following a jury trial in the Superior Court of the State of California for the County of Los Angeles in which he was convicted of perjury, Petitioner James Darryl Witt was sentenced to four years in state prison. At the sentencing hearing, Superior Court Judge Kathleen Parker advised Witt of his right to appeal as follows:
 
 
 4
 THE COURT: Mr. Witt, it is my duty to advise you of your right to appeal to the appellate court to the judgment of this court in imposing sentence. If you want to file an appeal there is a 60-day time limit in which you must act by filing a written notice of appeal, and this 60 days starts to run from today.
 
 
 5
 Your notice of appeal must be filed in this court and not in the court of appeal. Your notice of appeal must clearly specify that you are appealing, just what it is you are appealing from, whether you are appealing from the whole judgment or just part of it. And your notice of appeal must be signed by you or your attorney.... Do you understand that unless your present lawyer is going to file a notice of appeal for you, it is your duty to file your own notice of appeal and it must be done within 60 days from today? [Emphasis added.]
 
 
 6
 During this proceeding, Witt's attorney, Gregory T. Annigian, informed the court that he would file the appeal on Witt's behalf:
 
 
 7
 MR. ANNIGIAN: For the record, I indicated to Mr. Witt I would file an appeal on his behalf, proper appeal for him, his notice. And I indicated as soon as that's done, I--they will contact him, and that he will then have an opportunity to fill out the document to secure an attorney on appeal.
 
 
 8
 What happened next is in dispute. Mr. Annigian claims that he prepared the Notice of Appeal, gave it to Witt's sister to give to Witt, and assumed that Witt signed and mailed it properly since he heard nothing further about it. In a letter responding to a State Bar inquiry, Annigian stated in pertinent part:
 
 
 9
 At the time of Mr. Witt's sentencing I informed him of his appeal rights. I told him that I did not think he had a good appeal, but that I would prepare his notice of appeal which I did.
 
 
 10
 His notice of appeal was prepared prior to May 14, 1986. His sister Jana Ruiz picked it up from my office so that her brother James D. Witt could sign it. I told [sic] to bring it back to me so I could file it or have Mr. Witt file it.
 
 
 11
 The notice was never returned to me for filing nor have I received any correspondence or been contacted by anyone from Mr. Witt's family regarding this matter ...
 
 
 12
 The reason I did not file the appeal under my name is that the last time I did that, the court made me complete the appeal on a pro bono basis.
 
 
 13
 It is always my policy to prepare a pro per appeal for the client.
 
 
 14
 Please contact Ms. Ruiz and find out why and what happened in this matter.
 
 
 15
 However, Witt's sister Jana Ruiz, tells a different story, claiming that Mr. Annigian knew that the Notice of Appeal was unsigned. In her declaration she stated, in pertinent part:
 
 
 16
 On or about early May 1986, I had gone to Mr. Annigian's office for the purpose of picking up my brother's Notice of Appeal to see if there was some way of having him sign it.
 
 
 17
 I had gone to visit petitioner on or about 10th-15th May 1986 at the California Institute for Men. At this time, I attempted to secure petitioner's signature.
 
 
 18
 I realized at this time, that I would have to request permission from the Correctional Personnel to hand said Notice to Petitioner to sign. I did in fact request this, but the request was refused, and I started explaining the problem with time constraints, and was informed that the only way it would reach my brother, was if his attorney mailed it to him.
 
 
 19
 Subsequent to this time, I returned to Mr. Annigian's office with the unsigned Notice, and left said document for his attention.
 
 
 20
 Somehow, in a fashion unexplained by the record, Witt filed the appeal. However, since it was filed after the 60-day deadline, it was rejected by the state court. Witt filed a petition for a Writ of Habeas Corpus with the California Court of Appeal contending he was deprived of his right to appeal his conviction because his attorney was ineffective and failed to perfect the appeal as he had promised. The California Court of Appeal denied the Writ of Habeas Corpus for failure to provide adequate facts.
 
 
 21
 Witt then filed for a Writ of Habeas Corpus, on the same basis, with the United States District Court, which was referred to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Witt presently appeals the district court's denial of his petition. We AFFIRM.
 
 Discussion
 
 22
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). However, "[t]o the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 23
 In the present case, the magistrate judge, whose report was adopted by the district court, found that Witt had not met his burden of proving that counsel was advised of the return of the unsigned Notice of Appeal because Ms. Ruiz's declaration was vague and conclusory, and it was filed one year after Mr. Annigian's declaration. Moreover, Witt never mentioned that the unsigned notice was returned to Mr. Annigian in his state habeas corpus petition. This further supports the magistrate judge's implication that Ms. Ruiz's statement was an afterthought.
 
 
 24
 Because the record does not indicate that the district court's findings of fact were clearly erroneous, we AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3