953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Raymond DURHAM, Petitioner-Appellant,
v.
Carl ZENON, Respondent-Appellee.
 No. 91-35312.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1992.
Decided Jan. 29, 1992.
As Amended on Denial of Rehearing
May 13, 1992.
 
 1
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 David Durham petitioned for habeas corpus under 28 U.S.C. § 2254, seeking relief from his convictions in Oregon state court for murder, menacing, burglary, and possession of a firearm by a convicted felon. Durham was denied post-conviction relief by Oregon's state courts. Durham v. Peterson, 92 Or.App. 591, 760 P.2d 904 (Or.Ct.App.) (affirmance without opinion), review denied, 307 Or. 77, 763 P.2d 731 (1988). The district court denied relief and dismissed the petition without an evidentiary hearing. We affirm.
 
 DISCUSSION
 
 4
 We review de novo the district court's decision to deny Durham's petition for habeas corpus. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). To alter or ignore a factual finding made by the state post-conviction court, we must conclude that Durham has established by convincing evidence that the state court's finding was erroneous. Tamayo-Reyes v. Keeney, 926 F.2d 1492, 1502 (9th Cir.), cert. granted, 112 S.Ct. 48 (1991); 28 U.S.C. § 2254(d).
 
 Self-Representation
 
 5
 Durham contends that the state trial court wrongfully denied him an opportunity to represent himself at trial. Durham was represented at trial by appointed counsel. Durham was required to assert his right to self-representation unequivocally. Adams v. Carroll, 875 F.2d 1441, 1442 (9th Cir.1989). The district court reviewed the state trial transcript and post-conviction findings and concluded that Durham never requested permission to serve as his own counsel. The state post-conviction trial judge, after an evidentiary hearing, found that Durham had requested to act as co-counsel. Contrary to Durham's contention, his claim of denial of self-representation received a full and fair hearing in the state post-conviction court. See Townsend v. Sain, 372 U.S. 293, 312-13 (1963). The state court clearly entertained Durham's argument; its finding of a request to act as co-counsel was a sufficient rejection of Durham's clearly asserted self-representation claim. See id. at 314. The state court record, therefore, fully supports the district court's ruling.
 
 
 6
 By concluding that Durham never requested permission to serve as his own counsel, the district court necessarily rejected Durham's assertion that he moved, before trial in an unreported conference in chambers, to serve as his own counsel. Durham has failed to show that the district court's finding is clearly erroneous. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir. 1989) (review factual findings for clear error). The state court record strongly suggests that no such extra-record motion for self-representation was made. The first colloquy of record, presumably occurring immediately after any extra-record discussion, began with Durham's counsel reporting to the court that Durham had asked him to request that Durham "be allowed to act as co-counsel on this matter," and that he would "pose this matter to the court." Later in the same colloquy, Durham himself stated that "since the beginning" he had asked for an attorney from outside the county because of a connection between his in-laws and the sheriff's and prosecutor's offices. He then said that, for the same reason, he had asked for a change of venue, and his attorney had not spoken to him about it. Durham concluded: "This is why I feel I should represent myself as co-counsel."
 
 
 7
 This entire colloquy is utterly inconsistent with any desire by Durham to conduct his entire case by himself, and it strongly suggests that there had been no discussion of self-representation off the record. Later references by court and counsel to Durham's request to act as his own attorney, viewed in context, refer to Durham's request to act as co-counsel. We conclude that Durham has not demonstrated that the district court clearly erred in finding that he never unequivocally asserted his right to represent himself.
 
 Request to Serve as Co-Counsel
 
 8
 The trial court twice denied Durham's motions to serve as co-counsel along with his appointed trial counsel. Durham was not entitled to claim an absolute right to both self-representation and the assistance of counsel at trial. United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir.1981). The trial judge's denials of Durham's motions were within the judge's discretion. Id. The district court properly refused to grant relief on this ground.
 
 Ineffective Assistance of Counsel
 
 9
 Durham first argues that there was ineffective assistance of counsel because of a complete communications breakdown or irreconcilable differences between himself and his counsel. See, e.g., United States v. Williams, 594 F.2d 1258, 1259-61 (9th Cir.1979); see generally United States v. Cronic, 466 U.S. 648, 658-60 (1984). The district court considered the record, as well as the findings of fact of the state post-conviction court, and found that there were neither irreconcilable differences between Durham and his counsel nor a complete breakdown of communication between Durham and his counsel. Durham has made no showing sufficient to call into question these determinations of the state courts. See 28 U.S.C. § 2254(d) (the findings of the state post-conviction review court are presumed to be correct).
 
 
 10
 Durham contends that, even if there was no breakdown of communications, his attorney provided ineffective assistance of counsel in the conduct of his trial. To succeed in this contention, Durham must demonstrate both that his trial counsel's performance was outside the range of reasonably competent professional conduct, Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Durham fails to meet this standard with regard to all of the purported errors or omissions that he asserts here.
 
 
 11
 First, the post-conviction court found, and the district court agreed, that Durham's trial counsel adequately cross-examined Shirley Ramer on the discrepancies between her earlier statements to police, the police reports and photographs, and her trial testimony. To argue the discrepancies to the jury, therefore, would have merely highlighted an unsuccessful effort to undermine Ramer's direct testimony. Giving the post-conviction court's finding the requisite presumption of correctness, we agree with the district court that the cross-examination of Shirley Ramer and the final argument were within the range of professional competent assistance.
 
 
 12
 Second, counsel was not deficient in failing to introduce a letter that Durham received from the police stating that they had received no calls regarding threats by Durham. The letter was clearly inadmissible hearsay. Also hearsay is the purported letter from the victim supposedly refuting testimony that Durham and the victim were not getting along; in addition to the letter's being hearsay, counsel had reason to doubt its authenticity. For the same two reasons, it was within the range of competence for counsel to refuse to offer in evidence a letter purportedly written by the manufacturer of the weapon, to prove that the weapon was not involved in the murder. The state post-conviction court found that Durham's counsel offered all the exculpatory evidence in his possession into evidence. The district court agreed, relying in part on the averment of Durham's counsel that he did not offer the cited documents because they were either inadmissible hearsay or tended to inculpate Durham. We conclude that each of the judgments made by Durham's trial counsel regarding these documents was reasonable and well within the range of professional competent assistance.
 
 
 13
 There was no prejudicial failure of effective counsel in not calling out-of-state witnesses, including Durham's mother, who was apparently to serve as a character witness. The post-conviction court found that Durham's counsel presented all of the material witnesses. The district court concluded that Durham had not demonstrated that, but for the failure to call the uncalled witnesses, the outcome of the proceeding would have been different. We agree; moreover, the unwillingness of Durham's counsel to open up Durham's character to attack by presenting a character witness is certainly consistent with professional competence.
 
 
 14
 Finally, we agree with the district court that counsel was not ineffective in his cross-examination of Don Hendricks, who identified Durham at trial, regarding Hendricks' failure previously to select a photograph of Durham from an array provided by the police. Moreover, even if Durham's assertion regarding his counsel's cross-examination of Hendricks is correct, Durham has not made an adequate showing of prejudice to require granting his petition.
 
 
 15
 In sum, we conclude that the district court properly refused to grant Durham's petition on grounds of ineffective assistance of counsel.
 
 CONCLUSION
 
 16
 Durham has also asserted that the state court committed various errors, and that his counsel was ineffective, during the state post-conviction hearing. We have reviewed those contentions in the light of the record and find them to be without merit. The judgment of the district court dismissing Durham's petition is
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3