967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry David YORKIN, Defendant-Appellant.
 No. 91-10292.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 12, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barry David Yorkin, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 petition to vacate his conviction. Yorkin pleaded guilty in 1990 to possession of a non-registered firearm in violation of 26 U.S.C. §§ 5861(d), 5871. We review de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm.
 
 
 3
 Yorkin alleges that he was denied effective assistance of counsel and his plea was invalid because his counsel failed to move to suppress the illegally possessed weapon and did not inform him that a suppression motion was possible.
 
 
 4
 To demonstrate ineffective assistance of counsel, a defendant must show that the counsel's performance fell below an objective standard of reasonableness and that the conduct prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Conduct falls below an objective standard of reasonableness when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. To show prejudice from counsel's failure to litigate a fourth amendment claim, the defendant must demonstrate that the claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). In the context of a plea bargain, prejudice is demonstrated if there is a reasonable probability that but for the counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).[1]
 
 
 5
 Here, Yorkin's residence was searched by state officers pursuant to a search warrant issued by an Arizona state court. The warrant listed stolen or embezzled airline tickets as the property to be seized. During the course of their search, the state officers encountered a room containing a large number of weapons. The state officers inspected each of the weapons, noting their serial numbers. Many of the weapons were contained in storage boxes which the officers opened during the course of their search. After opening one such box, the officers discovered a silenced weapon. The silencer did not have a serial number, nor was it registered as required by federal law.
 
 
 6
 In the state proceedings arising out of his possession of the stolen airline tickets, Yorkin retained two attorneys, Michael Hurley and Allen Bickart. Bickart's job was solely to advise Yorkin on issues regarding suppression of the evidence and plea options. Yorkin pleaded guilty and received a probationary sentence.
 
 
 7
 Approximately six to eight months later, Yorkin was charged by federal indictment with possession of the unregistered silencer found by the state officers during their search. Yorkin retained Bickart to represent him in the federal case. Bickart's testimony at the evidentiary hearing on the section 2255 petition established that Yorkin paid him $3,000.00 to negotiate a disposition of the case which would not put Yorkin at risk of incarceration. Bickart testified that:
 
 
 8
 [m]y marching orders [from Yorkin] were "make it go away as painlessly, as quickly, as comfortably as possible, because I'm really unable to, number one, financially deal with this. I am unable to emotionally deal with this. I want to be out of these problems. I want to be away from this. I'm sorry I ever came to Arizona." Quote, unquote.
 
 
 9
 Bickart testified that he never discussed the issue of suppression of the illegal weapon with Yorkin because he "didn't feel that there was an up side with regard to it." It was Bickart's professional opinion that he could meet Yorkin's demand for no prison time only if a plea was taken immediately. Bickart was concerned that Yorkin would not make a credible witness at trial, that Yorkin might face a less favorable judge at trial, and that Yorkin might not be classified as a gun collector if the case proceeded to trial and this would greatly increase his exposure to prison time.
 
 
 10
 Despite Yorkin's claim otherwise, it is by no means a foregone conclusion that he would have prevailed on a suppression motion even if one had been made. Under the circumstances, we cannot conclude that the services Bickart provided Yorkin fell below objective standards of reasonable professional assistance so as to render his assistance ineffective. See Strickland, 466 U.S. at 699.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court denied Yorkin's section 2255 motion based solely on its finding that Yorkin's counsel did not render him ineffective services. The court made no findings regarding the existence of prejudice, the second prong of the Strickland test