5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Andres CARRASCO-ARAGON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-36727.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 7, 1993.
 
 Before: WALLACE, Chief Judge, and WRIGHT and NOONAN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Federal prisoner Carrasco-Aragon appeals from the district court's denial, without an evidentiary hearing, of his second post-conviction collateral attack. He contends that the grand jury that indicted him was not drawn from a fair cross section of the community and excluded Mexican-Americans. The district court had jurisdiction under 28 U.S.C. Sec. 2255. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 We review de novo the district court's denial of a motion brought under 28 U.S.C. Sec. 2255. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989).
 
 
 3
 Carrasco-Aragon's first 28 U.S.C. Sec. 2255 motion, which alleged irregularities in his guilty plea, was denied. Carrasco-Aragon argues that this is not a successive section 2255 motion constituting an abuse of the writ, because he brought this action under a different habeas statute, 28 U.S.C. Sec. 2241. He is mistaken. The district court properly treated Carrasco-Aragon's pleadings as a motion for relief under 28 U.S.C. Sec. 2255. "A section 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction" obtained in federal court. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1987), cert. denied, 488 U.S. 982 (1988). A prisoner authorized to apply for section 2255 relief may not instead bring a section 2241 petition for a writ of habeas corpus unless the remedy under section 2255 is inadequate or ineffective. Id.
 
 
 4
 Carrasco-Aragon is challenging the legality of his conviction, and he has made no showing that the section 2255 remedy is inadequate or ineffective. Further, his motion was filed in the sentencing court, as is proper under section 2255. Id. Thus, his claim is properly classified as a section 2255 motion.
 
 
 5
 A successive motion under section 2255 may be dismissed if it is an abuse of the procedure. 28 U.S.C. Sec. 2255. A prisoner abuses the procedure when he or she files a successive petition alleging new grounds, unless there is cause and prejudice for failing to raise the claim earlier, or unless there would be a fundamental miscarriage of justice if the claim is not heard. McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1991).
 
 
 6
 Carrasco-Aragon has abused the procedure by filing successive claims without a showing of cause for not filing his claims in a single motion. Further, this is not a situation involving a fundamental miscarriage of justice. The district court was correct to deny the motion.
 
 
 7
 Carrasco-Aragon contends that the district court should have held an evidentiary hearing before denying his motion. No evidentiary hearing is required for a determination of whether a prisoner has made a showing of cause and prejudice "if the district court determines as a matter of law that petitioner cannot satisfy the standard." Id. at 1470. The district court acted properly in denying the motion without an evidentiary hearing.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4