8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Keith GRIFFIN, Petitioner-Appellant,
v.
Robert GOLDSMITH, Warden, and Robert K. Corbin, Attorney
General of the State of Arizona, Respondents-Appellees.
 No. 92-16291.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Oct. 1, 1993.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and REAL,** Chief District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The petitioner, Gary Keith Griffin, appeals pro se from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Griffin claims the district court erred in finding that his claim of ineffective assistance of trial counsel was procedurally barred. Griffin also claims the district court abused its discretion by refusing to order an evidentiary hearing on Griffin's claims of ineffective assistance.
 
 
 4
 We review the decision to deny a petition for a writ of habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). The decision to deny an evidentiary hearing is reviewed for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 5
 The record demonstrates that Griffin's claim that trial counsel was ineffective in failing to object to the testimony of the state's expert witness is frivolous. The record shows an objection to the expert's testimony. Reporter's Transcript of January 15, 1985, at 77. Not only did Griffin's counsel continue to object to the expert's testimony, but he moved for a mistrial. Id. at 79.
 
 
 6
 Griffin also argues that his appellate counsel was ineffective for not raising the issue of the Willits instruction on direct appeal. This claim is also frivolous.
 
 
 7
 For claims of ineffective assistance, the defendant must demonstrate that: (1) counsel's acts or omissions were "outside the wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 687-690 (1984), and (2) counsel's deficient performance prejudiced the defense; that is, that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Appellate counsel correctly decided not to raise the Willits issue on appeal. The Arizona Supreme Court had previously ruled that prejudice must be shown from the denial of a Willits instruction. See State v. Schilleman, 125 Ariz. 294, 298-99, 609 P.2d 564, 568-69 (1980). It is clear from the record that Griffin could show no prejudice. Moreover, the Supreme Court has held that the defense counsel assigned to appeal a criminal conviction is not constitutionally required to raise every issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 753 (1983).
 
 
 8
 Because Griffin's claims are frivolous, we need not reach the preclusion issue.[1] See United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989) (per curiam) (patently incredible or frivolous allegations in a section 2255 motion warrant summary dismissal). Under these circumstances, the state court did not abuse its discretion in denying an evidentiary hearing on the claims of ineffective assistance of trial and appellate counsel.
 
 
 9
 We may affirm the district court "on any grounds fairly supported by the record." Lee v. United States, 809 F.2d 1406, 1408 (9th Cir.1987), cert. denied, 484 U.S. 1041 (1988). Therefore, we affirm the district court's denial of the petition for a writ of habeas corpus.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Griffin was allowed to proceed in forma pauperis in federal court. Because his claims of ineffective assistance of trial and appellate counsel are frivolous in that they lack an arguable basis in the facts, the district court could have dismissed them sua sponte under 28 U.S.C. § 1915(d). See Neitzke v. Williams, 490 U.S. 319 (1989); Clay v. Yates, 809 F.Supp. 417, 427 (E.D.Va.1992) (discussing dismissals of 2254(b) petitions as frivolous under 28 U.S.C. § 1915(d))