103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Wayne DEARY, Defendant-Appellant.
 No. 95-10066.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Decided Dec. 09, 1996.
 
 Before: WOOD, JR.,* SCHROEDER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After receiving information from informants that Bobby Wayne Deary was dealing cocaine, the CRIPS (Crack Rock Impact Project Sacramento) team began observing his activity. On March 8, 1994, they arrested Deary for drug trafficking. At the same time, Detective Martin Wayne was preparing an affidavit requesting a search warrant for Deary's home and business. He had gathered information personally and from several informants who had purchased cocaine from Deary in the past, were negotiating to purchase cocaine from him, or knew him as a drug dealer. Sacramento County Superior Court Judge Renard F. Shepard signed the search warrant and dated it March 8, 1994 at "noon." At 11:46 a.m., Officer Wayne telephoned CRIPS team members and told them that he had received the warrant and that they could begin searching Deary's house. Inside, they found bags containing approximately 250 grams of powder cocaine and 373 grams of rock cocaine, and other items indicating that Deary had been using the powder cocaine to make rock cocaine, or "crack."
 
 
 3
 Deary moved to suppress this evidence, challenging the validity of the search, because the warrant was signed at "noon," and the CRIPS team was told they could search the house at 11:46 a.m. Deary presented testimony from Jennifer Sanchez, a neighbor, that she had seen police enter Deary's home at 11:40. The United States submitted evidence that the search had been conducted at about 11:56 a.m., pursuant to a warrant. Among the evidence was an affidavit from Judge Shepard saying that his morning calendar usually ends at 11:30 a.m., at which time he signs search warrants. He explained that he usually finishes before 12:00 noon, but signs and dates them as of noon. Deary objected to the use of this affidavit, saying that it deprived him of his right to cross-examine witnesses against him. The district court allowed it, and held that the search was valid and the evidence would be admitted.
 
 
 4
 Deary then plead guilty to the counts of possession with intent to distribute cocaine and cocaine base. He signed an unconditional plea agreement which contains no provision reserving Deary the right to appeal any portion of these proceedings. The district court sentenced Deary to 87 months in prison on each count, with the sentences to run concurrently. He appeals, challenging the constitutionality of his sentence, the denial of his motion to suppress evidence, and the absence of probable cause to search his home.
 
 
 5
 We affirm all parts of the district court's opinion, as the issues Deary asks us to review are not properly before this court. He argues at length about the disparity between the mandatory minimum sentences for crack cocaine and powder cocaine, explaining that cocaine base, or crack, is manufactured using powder cocaine and distributed by predominately young low-level dealers. The Sentencing Guidelines provide a much harsher sentence for crack cocaine than for powder cocaine, which results in low-level dealers, not the "kingpins," being given the longest sentences. Deary claims this is unconstitutional, but because he did not raise this issue before the district court we cannot consider it. Although there are exceptions to the rule that an appellate court cannot hear issues that were not properly raised at the district court, United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990), none of the exceptions apply here. There were no exceptional circumstances for not raising the issue below; this issue did not arise because of a change in the law during the pendency of this appeal; and this issue is factual, not legal, which would prejudice the government if we agreed to hear it on appeal. Deary claims that the legal community's growing awareness of this issue and the harsh sentence that he faces amount to exceptional circumstances. We do not agree. The government has moved to strike this portion of Deary's brief, but as we are not considering the merits of the issue, the motion is denied as moot.
 
 
 6
 Deary next appeals the district court's denial of his motion to suppress evidence. He argues that his right to confront witnesses against him was violated when the court admitted Judge Shepard's affidavit as evidence that the search warrant was signed before the search began. Deary also challenges the sufficiency of the search warrant, claiming that the information in Detective Wayne's affidavit was stale, resulting in a lack of probable cause to search his house. We cannot hear these issues, because when Deary plead guilty, he did so unconditionally and did not reserve in writing the right to appeal any issue, as Rule 11(a)(2) of the Federal Rules of Criminal Procedure requires. Failure to reserve in writing the right to appeal the denial of any pretrial motion deprives this court of jurisdiction. United States v. Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir.1986); see also United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992); United States v. Popoola, 881 F.2d 811, 813 (9th Cir.1989). Deary claims that in negotiations for the plea bargain the parties agreed to allow him to appeal the denial of his motion to suppress evidence, and that this was omitted from the final agreement through inadvertence or mutual mistake. The government denies this, and as nothing in the record leads us to conclude that Deary reserved the right to appeal these issues, we will not consider them. The district court is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3